IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HENRY WALTER AUSTIN,**
**A-088-708-602,**

    Petitioner,

vs.   Case No. 4:11cv491-RH/CAS

**ERIC H. HOLDER JR., et al.,**

    Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner initiated this case on September 28, 2011, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, challenging an alleged period of indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001).  Respondents filed an answer on December 6, 2011, doc. 10, and on February 29, 2012, a report and recommendation was entered which recommended that Petitioner be released.  Doc. 15.  On the following day, Respondents file a supplemental response, doc. 14, advising that on November 30, 2011, the Eleventh Circuit Court of Appeals granted Petitioner's appeal of the BIA's order which dismissed his appeal of the removal order, and remanded the case back to the BIA.  In light of that document, the report and

recommendation was vacated, and Petitioner was directed to file a reply to the supplemental response by March 21, 2012.  Doc. 16.  In particular, it was questionable whether there was now a final order of removal in light of the order of remand.

Since that Order was entered on March 1, 2012, there has been no response from Petitioner.  Indeed, Petitioner's copy of every Order entered has been returned to the Court as undeliverable.  Docs. 17, 19, 23.  The envelopes are stamped "No Longer Here" and "Return to Sender."  Docs. 17, 23.

After the first mail return was received, an Order was entered directing Respondents to advise whether Petitioner had been released from detention, transferred, or had some change in custody status.  Doc. 18.  Respondents filed a response explaining that Petitioner was still in custody and was detained at the Baker County Detention Facility.  Doc. 20.  The certificate of service reveals that the response was provided to Petitioner at that facility.  *Id.*, at 2.  Petitioner, however, has failed to file anything in this case since a notice of inquiry filed on December 12, 2011.  Doc. 11.  Petitioner has never filed a notice of change of address, despite a clear order to do so on several occasions.  *See* docs. 3 and 13.

This case could be dismissed for Petitioner's failure to prosecute and his abandonment of this proceeding.  However, the unrebutted assertion of Respondents demonstrates that this case should be dismissed on the merits.

In the supplemental answer, Respondents explain that after the petition was filed and proceedings were underway, the Eleventh Circuit Court of Appeals granted Petitioner's appeal and remanded Petitioner's case back to the Board of Immigration

Appeals for further review and entry of a new decision. Doc. 14. Thus, Petitioner is no longer subject to a final order of removal.

This case was initiated under Zadvydas v. Davis, 533 U.S. 678 (2001). However, the current uncontested status of Petitioner is that Petitioner is not held for at least six months beyond entry of a final order of removal. This case is not ripe and Petitioner cannot demonstrate his entitlement to relief. The § 2241 petition must be dismissed as premature.

Accordingly, it is **ORDERED** that The Clerk of Court shall serve this Order and Report and Recommendation to Petitioner at the address provided by Respondents on the April 4, 2012, Response. Doc. 20.

**DONE AND ORDERED** on May 1, 2012.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed by Petitioner **HENRY WALTER AUSTIN**, doc. 1, be **DISMISSED** as premature since Petitioner no longer is subject to a final order of removal.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2012.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.